

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion Number O-3372
Re: Authority of Comptroller
to register past due refund-
ing bonds pursuant to an order
passed by the Texas Bond Com-
mission dated April 3, 1941

We are in receipt of your letter of April 3, 1941,
requesting our opinion on the above captioned matter. The
facts underlying it are as follows:

The Texas Bond Commission, under date of April 3,
1941, adopted a resolution authorizing the exchange of State
of Texas Relief Refunding Bonds, First Series, Nos. 33 and
34, aggregating $2,000, for and in lieu of State of Texas
Relief Bonds, First Series, Nos. 2895 and 4859, aggregating
$2,000. The above mentioned Relief Refunding Bonds, matur-
ed October 15, 1940, and you now request our opinion as to
whether the Comptroller is authorized to register past due
refunding bonds and exchange same for underlying bonds on
authority of an order passed by the Texas Bond Commission,
a copy of which is enclosed.

The Texas Bond Commission has authorized the regis-
tration and delivery of the above described bonds. The
legislative act authorizing the refunding bonds also em-
powers the Texas Bond Commission to do any and all acts
necessary to effectuate a refunding of the State of Texas
Relief Bonds, First Series, and the above mentioned order
not only authorizes the exchange of new bonds for old, but
goes further and directs that such new bonds when issued be

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

presented to the Treasurer immediately for payment. This condition makes it mandatory that registration, issuance and payment be simultaneous, which should overcome any implied violation of the uniform negotiable instruments act relative to the question of a holder in due course, and this, we think, would be the only legal reason for the Comptroller to decline to register past due bonds.

In the absence of such an order as that entered by the Texas Bond Commission April 3, 1941, we think perhaps the Comptroller would be acting properly in declining to register the past due bonds above described, but upon the basis of such order we think the Comptroller fully authorized to register the bonds and exchange same for the above described underlying bonds; however, it appears that the burden of enforcing observance of the condition appearing in Section 3 of the order with respect to the presentation for payment is imposed upon the Comptroller, and we think it the duty of the Comptroller to see that this condition is performed.

APPROVED APR 16, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

CEC-s

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Clarence E. Crowe

Clarence E. Crowe
Assistant



APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN